**UNITED STATES of America,
Appellee,**

v.

**Robert Michael WOOSLEY, Appellant.**

**No. 20476.**

United States Court of Appeals,
Eighth Circuit.

March 29, 1971.

Rehearing Denied April 19, 1971.

Kenneth S. Jacobs, Villa Park, Ill., for appellant.

Daniel Bartlett, Jr., U. S. Atty., Peter T. Straub, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL, Senior Circuit Judge, ROSS, Circuit Judge and STEPHENSON, Chief District Judge.

STEPHENSON, Chief District Judge.

This is another appeal by a defendant from a judgment and conviction entered upon a plea of guilty upon the grounds that the trial court abused its discretion in denying defendant's motion to vacate his plea of guilty which motion was filed on the date set for sentencing. We affirm the judgment of the trial court for the reasons set out in United States v. Rawlins, 440 F.2d 1043 (8th Cir. March 29, 1971) which has been decided today. In the instant case the factual situation differs and defendant urged other grounds for withdrawing his plea of guilty, so the essential facts will be set out with a brief comment thereon.

On June 19, 1970, the defendant appeared with his court appointed counsel, Richard D. Fitzgibbon,[1] and entered a plea of not guilty. On June 26, 1970, a motion to dismiss on behalf of the defendant was submitted and denied. On July 2, 1970, defendant appeared before the Court and asked leave to withdraw his plea of not guilty and entered a plea of guilty.[2] On July 10, 1970, defendant appeared for sentencing. The Court, however, placed the defendant in custody and deferred sentencing for another week.[3] On July 17, 1970, at the time set for sentencing, other counsel, retained by the defendant's family, appeared and made an oral motion to withdraw the

---

1. Inasmuch as defendant, among other things, urges that his plea of guilty was prompted by his impression gained from conversations with his attorney that no defenses were available, it is here noted that we are informed in the brief that Mr. Fitzgibbon was United States Attorney when the decisions were entered in Pitt v. United States, 378 F.2d 608 (8th Cir. 1967) and in Hughes v. United States, 371 F.2d 694 (8th Cir. 1967), and was on the brief for the Government in those cases.

2. See Appendix A for a transcript of the proceedings.

3. See Appendix B for a transcript of the proceedings.

plea of guilty. The motion was denied. The Court then granted defendant additional time to file a written motion to withdraw the plea of guilty, and that motion came on for hearing on July 31, 1970.

In his motion to withdraw his plea of guilty, defendant in substance, contended that his plea of guilty was made solely upon the advice and recommendation of his counsel, and, that had he fully understood the nature of the possible defenses available to him he would not have voluntarily entered the plea of guilty, and he did so without full understanding of the nature of the charge and of the consequences of the plea. Defendant's direct testimony at the hearing on his motion to withdraw his plea of guilty and that of his wife, in general, supported these allegations. In addition, defendant testified that his attorney told him there was a possibility that he might be sent to do hospital work. The Court also questioned the defendant.[4] After hearing the arguments of counsel, the Court found there was no reason to set aside the plea of guilty, denied the motion, and proceeded to sentence the defendant.

■■■ We find that the trial court did not abuse its discretion or commit error in denying defendant's request to withdraw his plea of guilty. In accepting the guilty plea the trial court complied with Rule 11, Federal Rules of Criminal Procedure. The record then made indicates the defendant's plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea. Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same.[5] Since the motion to withdraw the plea of guilty was made prior to sentence, the trial court properly granted a hearing thereon for the purpose of determining whether there was substance to any of defendant's allegations. The record supports the trial court's finding that defendant had not been "misadvised by counsel." The Court, in denying defendant's motion to vacate his plea of guilty, did not abuse its discretion.

The judgment of conviction is affirmed.

## APPENDIX A

THE COURT: United States versus Robert Michael Woosley.

MR. FITZGIBBON: Your Honor, at this time the defendant requests leave to withdraw his former plea of not guilty and enter a plea of guilty to the charge.

THE COURT: Mr. Woosley, you have heard the statement of your attorney. Is that what you want to do?

DEFENDANT WOOSLEY: Yes, sir.

THE COURT: You understand that you are entitled to a trial by jury?

DEFENDANT WOOSLEY: Yes, sir.

THE COURT: And you are presumed to be innocent until you are proven guilty by the Government beyond a reasonable doubt?

DEFENDANT WOOSLEY: Yes, sir.

THE COURT: At the trial you have the right to confront witnesses and cross-examine them, and you may call witnesses in your own defense. You do not have to take the witness stand.

DEFENDANT WOOSLEY: Yes, sir.

THE COURT: By this plea of guilty, you waive this trial?

DEFENDANT WOOSLEY: I understand.

THE COURT: You also understand that on a plea of guilty you may be sentenced to five years and a ten thousand dollar fine?

DEFENDANT WOOSLEY: Yes, sir.

THE COURT: Has anyone made any threats against you or any promises of leniency to obtain this plea of guilty?

---

4. See Appendix C for a transcript of Judge Meredith's questions and the responses thereto made by the defendant.

5. See, Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

DEFENDANT WOOSLEY: No, sir.

THE COURT: It is a voluntary matter on your part?

DEFENDANT WOOSLEY: Yes, sir.

THE COURT: Tell the Court what you did in order to commit this offense.

DEFENDANT WOOSLEY: When I came to St. Louis, I reported to the induction center to be inducted into the armed services, I didn't step forward when I was asked to step forward.

THE COURT: You knew you were supposed to do that?

DEFENDANT WOOSLEY: Yes, sir.

THE COURT: Very well. The Court will accept your plea of guilty.

## APPENDIX B

Proceedings on July 10th, 1970:

Counsel present:

Mr. Peter T. Straub, Assistant U. S. Attorney.

Mr. Richard D. Fitzgibbon, Jr., Attorney for defendant.

THE COURT: United States versus Robert Michael Woosley.

MR. FITZGIBBON: Your Honor, this young man, he will be twenty next month, as the Court, I am sure, (sic) knows is a firm believer in the Johovah's (sic) Witness Sect. He has refused to be inducted into the armed services of his country. I think he is a firm believer in the tenets of the Sect. And, as the Court well knows, these tenets are peaceful, and they do not permit him to ask for conscientious objector status. I would ask the Court to strongly consider the question of probation. I want to point out, as I dropped off this morning, some letters, particularly the one from the doctor. His wife is expecting a child sometime around the middle of September. I would like the Court to consider those facts before passing sentence.

THE COURT: Mr. Woosley, I have examined the probation report and these letters very carefully. I have decided what I am going to do with you today. I am not going to sentence you today. But I want to be right certain that you understand what you are going to do. It has been my policy, and I don't intend to change it at this point, first of all, you have not even asked for a conscientious objector status. I think the reason is obvious, because, apparently, it is your belief that in the event you are classified as a conscientious objector, you would not serve in any noncombatant work. Is that correct?

DEFENDANT WOOSLEY: That is correct, sir.

THE COURT: So I am going to have you surrender to the custody of the marshal this morning. I am going to have sentencing next Friday at ten o'clock. You think carefully about what you are going to do in this week's time. In the meantime I want to discuss it with your counsel further.

## APPENDIX C

THE COURT: Let me ask you a question, young man. Were any threats or any promises made to you of any kind by anybody?

THE WITNESS: Well, no threats were made to me, but I was given the opportunity whenever I was talking, he said there was a possible chance of maybe asking for a conscientious objector status when we discussed that before. He said there would be the possibility of maybe I being sent to do some kind of hospital work.

THE COURT: Let me ask you this. Did you ask the Draft Board for a conscientious objector's status?

THE WITNESS: No, I did not ask them for this. I was trying for a 4-D classification.

THE COURT: Why did you not ask for a conscientious objector status?

THE WITNESS: Well, I guess that was a part of my own decision there.

THE COURT: Let me ask you this. Would you do conscientious objector work if the Draft Board classifies you as a conscientious objector? Would you voluntarily do conscientious objector work?

THE WITNESS: If I did not have any other alternative at this point. If I were sentenced by the Court to do this work I would be able to do this.

THE COURT: I am not talking about sentencing by the Court. I am talking about of your own free will and accord.

THE WITNESS: No, I could not do this.

THE COURT: You could not do it?

THE WITNESS: No.

THE COURT: Didn't your attorney go over that matter with you before you entered your plea of guilty?

THE WITNESS: Yes.

THE COURT: And didn't you tell him you would not do conscientious objector status work unless you were ordered to do so?

THE WITNESS: Yes.

THE COURT: This is a matter that you did because it was what you wanted to do, isn't that right?

THE WITNESS: Yes.

THE COURT: Even now you wouldn't ask the Draft Board for conscientious objector status, is that right?

THE WITNESS: Yes, sir.

THE COURT: And you wouldn't do conscientious objector work voluntarily?

THE WITNESS: No.

THE COURT: That is what I thought we discussed in court and that is what I thought your position was but I wanted to be certain. I have no further questions.