**STATE OF MISSOURI, Appellant,**

v.

**Virgil Lewis TURLEY, Appellee.**

**No. 20509.**

United States Court of Appeals, Eighth Circuit.

May 18, 1971.

Gene E. Voigts, Asst. Atty. Gen., Jefferson City, Mo., for appellant.

Lewis E. Pierce, Kansas City, Mo., for appellee.

Before MEHAFFY and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

STEPHENSON, Chief District Judge.

This is an appeal in a habeas corpus action filed by appellee Virgil Lewis Turley in the United States District Court for the Western District of Missouri. The petition alleged in substance, inter alia, that when before the Circuit Court of Jasper County, Missouri, on charges of burglary and larceny, Turley was (1) denied effective assistance of counsel which was requested at all proceedings against him, including preliminary examination, arraignment, plea and sentencing, and (2) his plea of guilty was coerced, in that, it was not knowingly and voluntarily entered. The District Court held that Turley's right to effective assistance of counsel had been violated thus rendering his plea of guilty involuntary and for that reason granted habeas corpus relief. The State of Missouri prosecuted this appeal assigning as error the District Court's ruling that Turley's plea of guilty was involuntary because of ineffective assistance of counsel.

The facts giving rise to this action date from May 30, 1965, when Turley was arrested and taken into custody by the Joplin Missouri Police Department as a result of information in possession of Joplin police officers that a person fitting Turley's description was wanted in Kansas City, Missouri. When he was arrested, Turley had a key in his possession that fit an automobile that was parked across the street from the bus station where he had been apprehended. The next day, June 1, 1965, Turley opened the car and identified the items therein and told the police officers where he had come from. That same day, a complaint was filed by the Prosecuting Attorney of Jasper County, Missouri, charging Turley with burglary and stealing in that County. A preliminary hearing was held before a magistrate on June 9, 1965. As a result of that hearing, Turley was bound over to the Jasper County Circuit Court for trial. On June 10, 1965, an information was filed by the Prosecuting Attorney of Jasper County charging Turley with burglary and larceny. On June 14, 1965, Turley entered pleas of guilty to the charges and was sentenced to terms of four years for burglary and three years for stealing, the sentences to run consecutively.

In connection with the criminal proceedings against Turley, as described in the prior paragraph, he was not represented by counsel until approximately 15 to 30 minutes before the time of entry of his guilty pleas. This practice is, of course, not recommended or encouraged. It is to be condoned only under exceptional circumstances. Turley's case,

aside from the criminal proceedings against him, has now been twice before the Circuit Court of Jasper County on motions to vacate and set aside the sentence, twice before the Supreme Court of the State of Missouri on appeal, twice before the United States District Court for the Western District of Missouri, and is now before this Court on appeal.

On November 9, 1967, Turley filed his second motion to vacate judgment under Rule 27.26 of the Supreme Court of the State of Missouri, V.A.M.R. in the Circuit Court of Jasper County, Missouri. The next day, November 10, 1967, Jon Dermott of Joplin, Missouri, was appointed attorney for the movant pursuant to Rule 27.26. Thereafter on January 29, 1968, an Amended Motion to Vacate Judgment under Rule 27.26, setting forth in substance allegations identical to those plead in the United States District Court for the Western District of Missouri and now the subject of this appeal, was filed in the Circuit Court of Jasper County. A hearing was held on the Motion to Vacate Judgment before the Honorable Ray E. Watson, Judge of the Circuit Court of Jasper County, on or about April 2, 1968. It could not be said, nor seriously contended, that the hearing held in connection with Turley's motion was so insufficient as to cause this case to fall outside the dictates of Section 2254 of Title 28, United States Code and Townsend v. Sain, 372 U.S. 293 (1963). Turley was represented by his counsel Mr. Dermott during the entire proceeding, was allowed his witnesses and was allowed to testify freely himself. The quality of Mr. Dermott's representation is reflected by the record.

At the conclusion of the hearing, Judge Watson dictated his findings of fact and conclusions of law into the record. It is evident from the record that Judge Watson had had considerable experience, having served on the bench from 1935 until 1944 and again from 1959 to the time of the hearing in this case in 1968. Judge Watson stated the following findings of fact and conclusions of law which are pertinent for this present case:

\* \* \* \* \* \*

Now, the moving factor in this case wasn't the prosecuting attorney, it wasn't Mr. Burress [the defendant's attorney], the moving person in this plea of guilty was the defendant, Virgil Lewis Turley. He's the man who wanted to enter the plea of guilty. It happens that his preliminary hearing had been held two days after the June term of Circuit Court at Carthage had commenced [June 9, 1965] and therefore he was bound over to the September term of Court and from his own testimony he says that he was informed that he'd have to spend the summer in the County Jail and wait until the September term of Court and he's the person that told the Prosecuting Attorney that he wanted to enter a plea of guilty and start serving his time and for that reason he was brought in here not on a day when we have regular criminal cases but on a regular court day which was Monday, June 14th.

\* \* \* \* \* \*

\* \* \* [A]nd as I have said before, all of this came up because he [Turley] was the moving factor in this situation and the Court finds that the defendant [Turley] was properly represented by counsel; that he voluntarily and of his own accord, not only entered a plea of guilty but asked the Prosecuting Attorney to have him brought over here so he could enter a plea of guilty so he didn't have to remain in the County Jail during the summer months. He fully understood the charge that was brought against him, there was no question about the sentence. \* \* \* The recommendation was seven years and [Turley] stood right here before the bench and heard that recommendation and for him to say now he thought it was going to be four years is just a misunderstanding on his part to say the least, which has occurred since the Court sentenced him and since he's filed these motions. The motion will be overruled.

It is obvious from a review of the record made of the hearing on Turley's Rule 27.26 motion and Judge Watson's findings and conclusions made in connection therewith, that Judge Watson did not believe certain portions of the testimony given by Turley at the hearing. He could, of course choose to disbelieve all the evidence introduced by Turley at the hearing. In any event, he is the only Judge who has actually seen the witnesses and heard first hand the evidence now before this Court in this case.

The findings of fact of a state court hearing on an application for a writ of habeas corpus by a state prisoner evidenced by adequate written indicia are, of course, presumed correct unless, discounting several factors not applicable here, the federal court on a consideration of the applicable part of the record as a whole concludes that such a factual determination is not fairly supported by the record, and, in an evidentiary hearing in a proceeding in federal court, when due proof of such factual determinations have been made, the burden rests upon the applicant to establish by convincing evidence that the factual determination by the state court was erroneous, unless the Court concludes that the record in the state court proceeding considered as a whole, does not fairly support such factual determination or unless the applicant establishes certain facts and circumstances not present here. 28 U.S.C. § 2254.

We accept as settled the fact that one of the reasons Turley plead guilty when he did was because he did not want to stay in the county jail and await the September term of court. He did not ask or want his Court appointed attorney to pursue his case further. The only thing Turley was interested in doing was pleading guilty.

The record here evidences that there was another prime factor motivating Turley's desire to plead guilty to burglary and larceny charges in Jasper County in 1965. He had an understanding with the Prosecuting Attorney for Jasper County as to a recommendation concerning the charges in Kansas City upon which Turley had been originally apprehended. It was understood that if Turley plead guilty, the Kansas City charges would be "dumped." Turley thought the Kansas City charges were much worse than those he faced in Jasper County. He thought he was faced with a kidnap charge in Jackson County that would carry something like twenty years. Turley also feared, as a result of his four previous felony convictions, that he might be charged as an habitual criminal and get a long sentence. It should also be recalled that Turley had the key to a stolen car in his possession when he was apprehended. In short, some serious plea bargaining had taken place between Turley and the Jasper County Prosecutor. It is worthy of notation that the charges against Turley in Kansas City were eventually dropped and no habitual criminal charges or charges in connection with the stolen car were ever filed against him.

The bone of Turley's contention in this case is that his plea of guilty was not voluntarily and knowingly made. This, it said, is because he was denied effective assistance of counsel. And, counsel was ineffective because he did not investigate the facts of Turley's present criminal case in the face of Turley's expression to him of a desire to plead guilty.

 Adequacy of representation cannot be determined solely upon the basis of the amount of time appointed counsel spent interviewing a particular defendant and, in any event, such a determination is immaterial to the issue of whether a guilty plea was properly accepted, except to the extent counsel's incompetence bears on the issues of voluntariness and understanding. Kress v. United States, 411 F.2d 16, 22 (8th Cir. 1969). In addition, an accused may effectively waive his right to counsel, provided the waiver is voluntarily, knowingly and intelligently made. Creighbaum v. Burke, 398 F.2d 822 (7th Cir. 1968), cert. denied, 393 U.S. 955, 89 S.Ct. 386, 21 L.Ed.2d 368, rehearing denied, 393

U.S. 1046, 89 S.Ct. 645, 21 L.Ed.2d 600; Dillon v. United States, 391 F.2d 433 (10th Cir. 1968), cert. denied, Duggar v. United States, 393 U.S. 825, 89 S.Ct. 87, 21 L.Ed.2d 96. And, the voluntary nature of a waiver by an accused to be represented by counsel depends upon the facts and circumstances of each case. See, Molignaro v. Smith, 408 F.2d 795 (5th Cir. 1969); United States v. Anderson, 394 F.2d 743 (2d Cir. 1968).

Court appointed counsel in Turley's case had for a client a four-time convicted felon. There were numerous charges facing his client in other jurisdictions. Promises from the prosecutor had been solicited and obtained in connection with those other charges by his client. In addition, the accused did not want to spend the summer in jail awaiting the September term of court.

This Court has said that "[d]issatisfaction with a penal condition, brought about by ones own conduct, and a hope that by a guilty plea a different kind of incarceration might be achieved [is] scarcely [a factor] of involuntariness. * * *" Kress v. United States, *supra.* And, plea bargaining in and of itself does not make a plea of guilty involuntary or void. The plea is not involuntary where the decision to plead is a calculated move on the defendant's part to avoid what he considered a worse fate. Parrish v. Beto, 414 F.2d 770 (5th Cir. 1969), cert. denied, 396 U.S. 1026, 90 S.Ct. 606, 24 L.Ed.2d 522, rehearing denied, 397 U.S. 929, 90 S.Ct. 938, 25 L.Ed. 2d 112; United States ex rel. Rosa v. Follette, 395 F.2d 721 (2d Cir. 1968), cert. denied, 393 U.S. 892, 89 S.Ct. 216, 21 L.Ed.2d 172; Rogers v. Wainwright, 394 F.2d 492 (5th Cir. 1968). The Constitution does not bar imposition of a prison sentence upon an accused who, when faced with grim alternatives, is willing to waive his trial and accept the sentence. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Given the facts and circumstances that were clearly present on June 14, 1965, we do not believe that defense counsel's failure to conduct a collateral investigation of the facts of Turley pending criminal case in Jasper County was such a dereliction of duty as to make the proceedings a farce and a mockery of justice, shocking to the conscience of the Court. See Slawek v. United States, 413 F.2d 957 (8th Cir. 1969); Cardarella v. United States, 375 F.2d 222 (8th Cir. 1967). The better conclusion here is that Turley waived any right that he may have had to have his court appointed counsel conduct an independent and collateral investigation of the facts surrounding the criminal charges against him. Whether the Jasper County Prosecuting Attorney could prove his case against him was not, at that point in time, important to Turley. He did not want to stay in jail until the next term of court to find out, and besides, he did not want to face the multitude of other charges he knew must be facing him as a result of his activities, now that he was once again in custody.[1]

We have taken the liberty of engaging in a rather extensive discussion in connection with Turley's allegation that he was denied effective assistance of counsel at the time his guilty plea was entered in Jasper County, Missouri, in 1965. But, there is more to this case than that. At the time Turley's guilty plea was entered, a rather extensive record concerning the propriety of his plea was made by the trial court. We think that record, while not perfect, is sufficient on its face to show that Turley is not entitled to the relief he now seeks.

---

1. The record establishes that prior to coming to Jasper County, Missouri, Turley had been in the custody of the Sheriff's Department in Jackson County, Missouri and that he escaped that custody in Jackson County. In Kansas City he stole an automobile. It also appears that he committed some sort of an act which he thought might give rise to a kidnap charge. In addition, he was faced with a problem of an habitual criminal charge.

This Court has recently considered the duties of a Federal District Court Judge under Fed.R.Crim.P. Rule 11 when accepting a guilty plea. See United States v. Rawlins, 440 F.2d 1043 (8th Cir. 1971); United States v. Woosley, 440 F.2d 1280 (8th Cir. 1971); United States v. Cody, 438 F.2d 287 (8th Cir. 1971). Rule 11 is, of course, not applicable in state proceedings. Nevertheless, once it has been established that a state court has, at the time of accepting a guilty plea, elicited sufficient information from the parties so that the propriety of accepting the plea is established in a manner analogous to the dictates of Rule 11, and an adequate record is made thereof, the occasion for setting aside a guilty plea should seldom arise. United States v. Rawlins, *supra*. The ascertaining of such information and the recording thereof are not exercises in futility. United States v. Woosley, *supra*.

It is worthy of note here that a minority of the Justices of the Supreme Court have indicated that in that minority's estimation, the Supreme Court has in effect fastened upon the states, as a matter of federal constitutional law, the requirements of Rule 11, Fed.R.Crim.P. See Mr. Justice Harlan, whom Mr. Justice Black joins, dissenting in Boykin v. Alabama, 395 U.S. 238, 245, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969). It appears from the majority opinion in *Boykin* that an on the record examination conducted by the trial court accepting a guilty plea which includes, *inter alia*, an attempt by that Court to satisfy itself that the defendant understands the nature of the charges, his right to trial by jury, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences is sufficient to insulate the plea from subsequent attack in collateral proceedings. See Boykin v. Alabama, *supra*, at 244, note 7, 89 S.Ct. 1709.

In addition to the foregoing, the adequacy of the record made in connection with accepting guilty pleas seems to us to be governed, at least in part, by the age, maturity, experience and finesse of the particular defendant. In this case, the Court was dealing with an experienced criminal defendant who had on at least four previous occasions entered guilty pleas to various charges. It defies logic to believe he did not understand the proceedings at the time he entered his guilty plea. To allow him to now impeach himself at that proceeding would produce incredible result.[2]

The District Court's memorandum and order was entered in this case on July 24, 1970. The memorandum is set forth in five Divisions numbered I, II, III, IV and V. Each Division relates to some particular facet of Turley's present habeas corpus action.

Divisions I and II of the memorandum relate to matters we have previously discussed herein. That is, Turley's contentions in connection with the proceedings just prior to and at the time of the entry of his guilty plea in Jasper County, Missouri in June of 1965. As to those matters and as to the District Court's order of June 24, 1970, in connection therewith, we reverse.

In Division III of its memorandum, the District Court discussed the matter of Turley not being represented by counsel at his preliminary hearing in the Jasper County Circuit Court during June of 1965. Because of the conclusions reached and related by the District Court in Divisions I and II of its memorandum, the District Court did not reach the questions presented by Turley's allegation that he was denied counsel at his preliminary hearing. The case will be remand-

---

2. It must be recognized that a defendant might conceivably, as a matter of calculated strategy, elect to spend a prolonged period in confinement in the hope that adverse witnesses or other evidence might become unavailable after a lapse of time. Illinois v. Allen, 397 U.S. 337, 345, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). A court must guard against allowing a defendant to profit from his own wrong in this way. Illinois v. Allen, *supra*; United States v. Malcolm, 432 F.2d 809 (2d Cir. 1970).

ed to the District Court for its consideration of those questions.

In Divisions IV and V of its memorandum, the District Court discussed matters related to convictions which Turley has suffered subsequent to his conviction on the guilty plea here under attack. The District Court correctly held that Turley must, under the familiar doctrine of exhaustion, properly present those matters to the Missouri State Courts. We affirm those conclusions of the District Court.

Reversed and remanded for further proceedings consistent with the dictates of this opinion.

Haynsworth, Chief Judge, concurred and filed opinion.