Daniel Lee **SAPPINGTON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 72–1274.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Nov. 7, 1972.

Rehearing and Rehearing En Banc
Denied Dec. 6, 1972.

Daniel Lee Sappington, pro se.

Daniel Bartlett, Jr., U. S. Atty., and J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM.

The petitioner is before us on a motion filed under 28 U.S.C. § 2255. He seeks to vacate and set aside a five year sentence. The indictment, in the Southern District of Florida, charged violation of 18 U.S.C. 2314, interstate transportation of forged American Express Travelers Check. Pursuant to Rule 20, F.R.Cr.P., the case was transferred to the Eastern District of Missouri. There, according to petitioner, he was "tricked into entering" a guilty plea. The trickery arose, alleges petitioner, because the court, in its questioning of him prior to accepting his plea, did not explain the elements of the crime charged, and, more specifically, did not question him as to his

---

* Senior District Judge of the Eastern District of Michigan, sitting by designation.

intent. "Had it not been for institutional help," he asserts, "he may very well have never realized that his conduct did not in fact constitute the crime charged."

The excerpt from the transcript, quoted by petitioner and unchallenged by the government, shows that appellee's counsel, in open court, and in petitioner's presence informed the court that

"The defendant is charged by Indictment in the Southern District of Florida with causing to be transported in interstate commerce a fraudulently made and forged traveler's check. The Government's evidence would show that the defendant here passed that check on April 15, 1968, as charged in the Indictment, in a supermarket on Cardova, in Fort Lauderdale, Florida, and defendant's finger print was found on the back of the check."

The Court then addressed the defendant:

"You have heard the statement by the United States Attorney. Is that a correct statement of what happened down there?

Defendant Sappington: Yes, sir.

The Court: Is that right? And that you signed the check James Ray Harrison?

Defendant Sappington: Yes, sir.

The Court: Then had it cashed?

Defendant Sappington: Yes, sir."

The court then accepted a plea of guilty, inquiring further as to threats and promises, and informing defendant that "in addition to the twenty years you may have coming on the previous offense to which you pleaded guilty,[1] you may be sentenced to an additional ten years and a ten thousand dollar fine."

Petitioner asserts that the record "does not reflect that the signature was a forgery, as appellee claims (sic), or that your appellant did not *lawfully* purchase a check under such an alias name". (Emphasis in original). It is

his claim that the court failed to comply with Rule 11, that the court did not personally inquire as to defendant's understanding of the charge against him, that the court should have advised him as to the "essential elements" of the crime charged, and that he, the petitioner, had no unlawful intent, citing McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) among other cases. Judge Meredith, below, confronted upon motion with such assertions, held that the defendant "understood the nature of the charges against him."

It is well to bear in mind in consideration of this and similar motions, our observation in United States v. Woosley, 440 F.2d 1280 (8th Cir. 1971) that "Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same." Belated, indeed, are the charges here made. Although the petitioner moved for a reduction of sentence within two months after sentencing, upon various grounds, it was some three years after sentencing that the matters now before us were urged.

The precepts of McCarthy v. United States, *supra*, have been here followed. Under *McCarthy*, and Rule 11, the inquiry made of the defendant will in each case depend upon the complexity of the charge as well as all of the surrounding circumstances, including the age and record of the defendant, his representation or lack thereof by counsel. State of Missouri v. Turley, 443 F.2d 1313 (8th Cir. 1971). Here the charge was a simple one, the defendant was represented by counsel, and the defendant was no stranger to the judicial process. The effort made on this motion, as in similar motions, is to transform an enunciation of general standards to an ever-lengthening list of specifics, the omission of any one of which will render the entire proceedings "an exercise in futility."

---

1. This refers to a plea to an unrelated charge, not here before us.

But *McCarthy* imposes no requirement that the Judge mount the bench with a script in his hand. Nor does it impose a requirement, at variance with theretofore existing law, Bongiorno v. United States, 424 F.2d 373 (8th Cir. 1970) that the court follow an exact ritual, or that, in order to convey an understanding of the "nature of the charge" to the defendant, it is necessary to explain the "elements" of the offense. See McCarthy v. United States, *supra* fn. 20 at page 467–468 of 394 U.S., 89 S.Ct. 1166; United States v. Lowe, 367 F.2d 44 (7th Cir. 1966); United States v. Semet, 295 F.Supp. 1084 (E.D. Okl.1968). It is essential that there be substantial compliance with Rule 11, Fed.R.Crim.P., United States v. Cody, 438 F.2d 287 (8th Cir. 1971).

We are satisfied upon this record that there has been substantial compliance with the requirements of Rule 11.

Affirmed.