Arthur Guy **EAGLE THUNDER,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 73-1087.

United States Court of Appeals,
Eighth Circuit.

Submitted May 18, 1973.

Decided May 21, 1973.

---

20. 40 CFR 164.29.

21. EDF v. EPA, 150 U.S.App.D.C. 528, 465 F.2d 528 (1972).

22. E. g., Pax Co. of Utah v. United States, supra.

David A. Gerdes, Pierre, S. D., on brief for appellant; Arthur Guy Eagle Thunder, pro se.

William F. Clayton, U. S. Atty., and David R. Gienapp, Asst. U. S. Atty., Sioux Falls, S. D., on brief for appellee.

Before MATTHES, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

This appeal is from a denial of appellant's 28 U.S.C. § 2255 motion below to vacate and set aside a five year sentence imposed following his guilty plea. Appellant was charged with assault with a dangerous weapon in violation of 18 U.S.C. § 1153 and South Dakota Compiled Laws § 22–18–11. Appellant originally entered a plea of not guilty to a three count indictment but was later allowed to enter a guilty plea to Count I. Counts II and III were subsequently dismissed.

Appellant claims that the trial judge failed to comply with Rule 11 of the Federal Rules of Criminal Procedure in that "At no time did the Court [inquire] personally of the defendant whether he understood the nature of the charge and the consequences of a plea of guilty to that charge." [1]

Rule 11 requires the trial court to not accept a plea of guilty "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea" and "unless it is satisfied that there is factual basis for the plea."

The trial judge personally addressed the appellant and inquired whether appellant understood his right to a trial by jury; to have witnesses for his defense called at public expense; that the government would have the burden of convincing 12 jurors of appellant's guilt beyond a reasonable doubt before he could be convicted; that no promises or

---

1. Appellant does not claim that his plea was involuntary or without understanding of the nature of the charge or the consequences of a guilty plea. His sole claim is that Rule 11 was not complied with.

threats had been made in exchange for a plea of guilty and that the plea was voluntary and of appellant's own free will and accord; whether on the date charged "you did wilfully, knowingly and unlawfully assault Moses Anderson McBride with a dangerous weapon; did you do that?" Appellant answered affirmatively to these questions and additionally affirmed that he had struck the victim with a blunt instrument and that he intended to do bodily harm.

The trial judge did not specifically ask the appellant, as appellant contends he should have in order to comply with Rule 11, "Do you understand the nature of the charge against you and the consequences of a guilty plea to the charge?" Instead, the trial judge told the appellant what he was charged with and had the prosecutor announce the maximum penalty provided for the offense.

■ Compliance with Rule 11 depends in each case upon the complexity of the charge and the surrounding circumstances, including the defendant's age and record and whether he was represented by counsel. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Sappington v. United States, 468 F.2d 1378 (CA8 1972); and State of Missouri v. Turley, 443 F.2d 1313 (CA8 1971). Indeed, the circumstances and claim here presented are virtually identical to those before the Court in *Sappington, supra*, where the Court stated:

> Here the charge was a simple one, the defendant was represented by counsel, and the defendant was no stranger to the judicial process. The effort made on this motion . . . is to transform an enunciation of general standards to an ever-lengthening list of specifics, the omission of any one of which will render the entire proceedings "an exercise in futility."

2. "Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the

But *McCarthy* imposes no requirement that the Judge mount the bench with a script in his hand. Nor does it impose a requirement . . . that the court follow an exact ritual, or that, in order to convey an understanding of the "nature of the charge" to the defendant, it is necessary to explain the "elements" of the offense. * * * It is essential that there be substantial compliance with Rule 11, Fed.R.Crim.P., United States v. Cody, 438 F.2d 287 (CA8 1971). 468 F.2d at 1379–1380.[2]

■ We are satisfied that the trial judge complied with the requirements of Rule 11 before accepting appellant's plea of guilty. The trial judge was dealing with a 33 year old defendant with three prior felony convictions as an adult and who was represented by counsel. Appellant was fully informed of his constitutional rights, the crime he was charged with and the penalty that may result from his plea of guilty to the charge.

■ Appellant also contends, pro se, that Rule 11 was not complied with in that he was not told that as a consequence of his guilty plea he may be punished by imprisonment in the county jail not exceeding one year. See S.D.C.L. § 22–18–11. Rule 11 requires an understanding of the *maximum* penalty possible for the offense. Stephen v. United States, 426 F.2d 257, 258 (CA5 1970). *Accord*, United States v. Myers, 451 F.2d 402, 404 (CA9 1972); Marshall v. United States, 431 F.2d 355, 358 (CA7 1970); Berry v. United States, 412 F.2d 189, 192–193 (CA3 1969) and Durant v. United States, 410 F.2d 689 (CA1 1969). Appellant was clearly advised of the maximum penalty possible as a consequence to his guilty plea, five years imprisonment plus a $500 fine.

Affirmed.

same." United States v. Woosley, 440 F.2d 1280, 1281 (CA8 1971). See also, Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).