**UNITED STATES of America, Appellee,**

v.

**Avram GOTTLIEB, Appellant.**

**No. 87–1800.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1988.

Decided June 17, 1988.

**360**

Ronald Reed, Jr., St. Joseph, for appellant.

John R. Osgood, Asst. U.S. Atty., Kansas City, for appellee.

Before LAY, Chief Judge, McMILLIAN and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Avram Gottlieb appeals from an order denying his motion to withdraw his guilty plea. Because the District Court[1] did not abuse its discretion, we affirm.

On October 17, 1986, Gottlieb was arrested for conspiring to kidnap a banker's son and hold him for ransom, a violation of the Hobbs Act, 18 U.S.C. § 1951. He was indicted by a grand jury on the 28th, and pleaded guilty on the 31st. Sentencing was set for January 8, 1987. However, sometime prior to that date, Gottlieb decided he wanted to withdraw his guilty plea. On February 27th, he filed a motion to withdraw his plea, and a hearing on the matter was held on April 2nd. The District Court denied Gottlieb's motion.

Gottlieb contends on appeal that his motion should have been granted and his plea withdrawn. He argues that he met with his attorney, the public defender, only twice, on the day of his arrest and the day of the plea, and that therefore he never really understood the nature of the crime with which he was charged. Later reflection and research in the prison library led him to believe that his conduct did not amount to a violation of the Hobbs Act and, if it did, that he had a defense of coercion. Though he implies his lawyer did not adequately explain the charged offense to him, Gottlieb does not allege his counsel was ineffective. In any case, when he filed the motion to withdraw the plea, the public defender ceased representing him, and new counsel was appointed. This second lawyer handled Gottlieb's hearing and now handles his appeal. There is no allegation that Rule 11 was violated when Gottlieb pleaded guilty. Nor does Gottlieb tell us how the elements of the Hobbs Act were not satisfied by his activities. He simply asserts that he should be allowed to withdraw his plea because he has changed his mind.

In reviewing the decision of a district court to deny withdrawal of a guilty plea before sentencing, we apply an abuse-of-discretion standard. *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir.), *cert. denied*, 404 U.S. 864, 92 S.Ct. 53, 30 L.Ed.2d 108 (1971). "Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn oath not to be disregarded because of belated misgivings about the wisdom of the same." *Id*. When Gottlieb changed his mind about his guilty plea, a hearing was held to investigate the matter. Gottlieb, represented by different counsel, explained why he wanted to withdraw his plea. His former counsel explained why the plea had been entered. After evaluating the content and credibility of their testimony, the District Court refused to allow Gottlieb to withdraw the plea. We have reviewed this decision and do not think the District Court abused its discretion in so ruling.

The judgment of the District Court is affirmed. We appreciate the services of appointed counsel on this appeal.

---

1. The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri.