982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
William Earl DOBBINS, Appellant.
 No. 92-2873.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 10, 1992.
Filed: December 22, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Earl Dobbins appeals from the District Court's[1] denial of his motion to withdraw his plea of guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988). We affirm.
 
 
 2
 Dobbins was represented by appointed counsel when he entered his guilty plea. Nearly two months later, Dobbins filed a motion to withdraw the plea in which he claimed that his attorney had not explained, and he had not comprehended, the consequences of entering the plea. He also claimed that he had dismissed appointed counsel prior to entering his plea and had not been able to confer with his private attorney. At the hearing on his withdrawal motion, Dobbins contended that he had felt "railroaded" when the District Court told him that, if he did not plead guilty, trial would commence that day.
 
 
 3
 A district court may permit withdrawal of a guilty plea before sentence is imposed "upon a showing by the defendant of any fair and just reason." Fed. R. Crim. P. 32(d). We review the denial of a motion to withdraw under the abuse of discretion standard. United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992).
 
 
 4
 We conclude that the District Court did not abuse its discretion in denying Dobbins's motion because he did not show a "fair and just reason" to withdraw the plea. Despite Dobbins's protestations to the contrary, the District Court painstakingly explained at the change-of-plea hearing the consequences of the plea and the rights that would be waived by it and Dobbins testified that he understood and accepted the effect of his plea. Dobbins's argument concerning his private counsel also lacks merit. Private counsel did not enter an appearance in the case. Further, appointed counsel represented Dobbins at the change-of plea hearing without any objection to the District Court by Dobbins. We reject Dobbins's argument that he was "railroaded" by the District Court into pleading guilty. Dobbins waited until his scheduled trial date (which had already been continued once at his request) to change his plea. An examination of the change-of-plea transcript reveals that the District Court's comment was made in the context of explaining that Dobbins would waive his scheduled jury trial if he pleaded guilty, not to coerce or intimidate him. "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom...." United States v. Woosley, 440 F.2d 1280, 1281 (8th Cir.), cert. denied, 404 U.S. 864 (1971).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas