UNITED STATES of America, Appellee,

v.

Clyde Wallace STAMEY, Appellant.

No. 77–1391.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 11, 1977.
Decided Jan. 9, 1978.

M. Clark Parker, Lincolnton, N. C., for appellant.

Phillip G. Kelley, Asst. U. S. Atty., Charlotte, N. C. (Harold M. Edwards, U. S. Atty., Charlotte, N. C., on brief), for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Clyde Wallace Stamey appeals from the eighteen-year sentence imposed for his January 4, 1977 conviction on three counts [1] in an indictment under the bank robbery statute. 18 U.S.C. § 2113(a), (b), and (d). No question is raised as to Stamey's guilt, or to the fairness of the trial, or other error; the sole issue presented for our review is whether, under Rule 11(e)(2) of the Federal Rules of Criminal Procedure, the trial judge must consider the substance of a plea bargaining agreement before he decides whether to accept the defendant's plea of guilty. We believe he does not, and affirm the judgment.

Plea negotiations between Stamey and the government led to an agreement that, in consideration for Stamey's pleading guilty to one count of the indictment, the government would move to dismiss the other two counts and would recommend a sentence of fourteen years to the district court. The district court, however, concerned "that plea bargaining in this District had gone too far," told the United States Attorney (and apparently Stamey's attorney) prior to trial that plea bargaining agreements no longer would be recognized.[2] As a result, no disclosure of the full agreement was made in open court, and, thus, there is no indication in the record that the district court ever considered the substance of the complete plea agreement. Stamey initially pleaded guilty, then withdrew his plea, and was tried and convicted of all three counts charged in the indictment.

Arguing from the text of Rule 11(e)(2),[3] the defendant claims that the district court had a duty to consider the substance of the plea agreement before accepting or rejecting it. As a remedy, Stamey asks this court to direct the reduction of his sentence to fourteen years. Rule 11(e)(2) does mandate

1. The three convictions were consolidated for sentencing.

2. The district court stated, however, that it would "listen to any recommendation" from either the United States or the defendant.

3. FRCP 11(e)(2): "(2) Notice of Such Agreement.—If a plea agreement has been reached

that "[I]f a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court," and from this it is arguable that the language used means that the trial court must at least consider the agreement in each instance in which a plea bargain has been struck.

The legislative history of current Rule 11, however, refutes Stamey's interpretation. Some federal courts historically have permitted no plea bargaining, and, in response to criticisms by federal judges who read Proposed Rule 11(e) "to mandate the court to permit plea negotiations," the Advisory Committee "stressed" to Congress "that the rule does not mandate that a court permit any form of plea agreement to be presented to it." H.R.Rep. No. 94–247, 94th Cong., 1st Sess. 6, n. 7a (1975), reprinted in (1975) U.S.Code Cong. & Admin. News, pp. 674, 678–79, n. 7a. The House Judiciary Committee Report stated that the Rule

". . . permits each federal court to decide for itself the extent to which it will permit plea negotiations to be carried on within its own jurisdiction. No court is compelled to permit any plea negotiations at all. Proposed Rule 11(e) regulates plea negotiations and agreements if, and to the extent that, the court permits such negotiations and agreements." [footnote omitted]

H.R.Rep. No. 94–247 at 6 (1975), U.S.Code Cong. & Admin. News, at p. 678. As the district court had no duty to permit plea bargaining, it was not required to consider the substance of Stamey's agreement with the government.

The judgment of the district court is accordingly

AFFIRMED.

by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report."