UNITED STATES of America, Appellee,

v.

James Arthur KRIZ, Appellant.

No. 78-1281.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 28, 1978.

Decided Oct. 4, 1978.

Rehearing and Rehearing En Banc Denied Dec. 19, 1978.

James Arthur Kriz, Sandstone, for appellant.

Andrew W. Danielson, U. S. Atty. and Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal from a district court[1] order denying the petition of appellant James Arthur Kriz for vacation of judgment and sentence under 28 U.S.C. § 2255.

Kriz has initiated this appeal to challenge his conviction on these three grounds: (1) the court failed to inform him of the nature of the charge to which he was pleading guilty, in violation of Fed.R.Crim.P. 11; (2) the court failed to develop an adequate factual basis for the plea, also in violation of Fed.R.Crim.P. 11; and (3) his counsel rendered ineffective assistance. We deny relief on all three grounds and thus affirm the district court.

Kriz first alleges noncompliance with Rule 11 in that the record does not reflect that he understood the nature of the charge to which he pled guilty. Specifically, Kriz contends that he was not informed that two of the elements of conspiracy are (1) knowledge of the existence of a conspiracy and (2) intent to participate in an unlawful enterprise.

The count of the indictment to which Kriz pled guilty (conspiracy to distribute cocaine) was not read during the Rule 11

---

1. The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota. Appellant was convicted on his plea of guilty to a single count of conspiracy to distribute cocaine. He received a sentence of six years, to be served concurrently with his then-existing four year term. The sentence is to be followed by a special parole term of three years.

proceeding, nor was appellant asked whether he had read the indictment and whether he understood it. Kriz was asked, however, *inter alia,* if he understood the nature of the charge against him, and if he understood that a conspiracy involves two men agreeing to commit a crime.[2]

■ As this court stated in *Sappington v. United States,* 468 F.2d 1378 (8th Cir. 1972), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973), Rule 11 demands an understanding of the nature of the charge. It is not always necessary to formally explain the "elements" of the offense in order to convey this. *Sappington v. United States, supra,* 468 F.2d at 1379.

■ Although the Second Circuit in *Irizarry v. United States,* 508 F.2d 960, 965–66 (2d Cir. 1974), states that "[c]onspiracy is a somewhat complicated crime, and * * * the court * * * must at least set out the bare bones elements of the offense," the court in *Irizarry* also pointed out that sometimes reading the indictment will satisfy the Rule 11 requirements and sometimes it will not. *Irizarry v. United States, supra,* 508 F.2d at 965 & n. 4. We are satisfied

that Kriz understood that he was pleading guilty to conspiracy to distribute cocaine, and that it involved an agreement to commit a crime, and that he understood the nature of the charge. There was substantial compliance with Rule 11 in this regard.

■ Kriz further alleges that the trial court did not establish that Kriz understood the nature of the charge through *personal* inquiry by the judge,[3] and thus Rule 11 was not complied with. However, the trial judge did make personal inquiry of Kriz. The judge asked Kriz if he understood the nature of the charge, the possible maximum penalty, his right to not plead, his right to a trial by jury, his right to examine and cross-examine witnesses who might testify against him, and his right to not be compelled to testify against himself. The trial judge personally determined that Kriz' plea was voluntary and that Kriz' counsel had thoroughly discussed the charge with Kriz. The trial judge personally asked Kriz to relate the underlying factual basis of the act he committed. The prosecutor then, at the judge's invitation, made some further inquiry as to Kriz' understanding of the crime.

2. The relevant portion of the transcript reads as follows:

THE COURT: Do you understand the nature of the charge against you in Count II, Mr. Kriz?

DEFENDANT KRIZ: Yes, I do, sir.

THE COURT: What specifically do you feel that you are charged with? What do you believe the charge against you is in Count II?

DEFENDANT KRIZ: It's conspiracy to distribute cocaine.

THE COURT: On or about some dates in August of last summer?

DEFENDANT KRIZ: Yes.

THE COURT: Do you understand the possible maximum penalty is a fine of $25,000. or 15 years imprisonment and a special three-year parole term?

DEFENDANT KRIZ: Yes, I do.

THE COURT: Do you understand that to be the possible maximum penalty?

DEFENDANT KRIZ: Yes, Your Honor.

* * * * * *

THE COURT: Is there any further inquiry you would like to make, Mr. Walbran [prosecutor]?

MR. WALBRAN: Yes, Your Honor.

Mr. Kriz, a conspiracy you understand is a criminal agreement, a partnership in crime. Do you understand that?

DEFENDANT KRIZ: Yes.

MR. WALBRAN: For there to be a conspiracy two men must agree to commit a crime. Do you understand that?

DEFENDANT KRIZ: Yes.

MR. WALBRAN: You cannot commit a conspiracy by yourself. Do you understand that?

DEFENDANT KRIZ: Yes.

MR. WALBRAN: In this case you are charged with conspiring with Richard Gordon Helberg, also known as Markum, also known as Ricky. You did in fact reach an agreement with this man Helberg to acquire cocaine from him that evening at the President Cafe, did you not?

DEFENDANT KRIZ: Yes, we discussed it. Yes, we did.

3. Rule 11(c)(1) provides:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law [.]

Participation of the prosecutor in Rule 11 proceedings has been addressed by this court before in *United States v. Lambros,* 544 F.2d 962, 965–66 (8th Cir. 1976), *cert. denied,* 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). In *Lambros,* this court found that "[t]he court by its personal questioning on a sound basis in effect adopted the extensive record made by the prosecuting attorney." *United States v. Lambros, supra,* 544 F.2d at 966. In the instant case, the prosecutor's remarks were a part of a continuous colloquy between the judge and Kriz and the prosecutor and Kriz. All questions were directed for the purpose of assuring that Kriz had a thorough understanding as to what he was pleading guilty. Thus, that each of the questions in the Rule 11 hearing directed to Kriz were not personally uttered by the judge is not error.

■ Kriz' second contention of error is that there was not an adequate factual basis for his plea. Even if the factual basis was not personally solicited by the trial judge, it is not fatal. Rule 11(f),[4] relating to the determination of the factual basis for the plea, does not require the court to personally address the defendant. *See also United States v. Lambros, supra,* 544 F.2d at 965–66.

■ Further, there is adequate factual basis in the record to support Kriz' plea that he conspired with Helberg to obtain cocaine with the intent of distributing the cocaine to Kelly, and that he had committed the overt acts of telephoning Kelly to meet him at his house, and driving his car to meet Helberg.[5]

■ Kriz' final claim is that his trial counsel was ineffective in that counsel failed to inform him of the nature of the charge, failed to investigate his case, failed to file any motions on his behalf, and was ineffective at the Rule 11 proceedings. However, Kriz admitted during the Rule 11 hearing that he had discussed the charge thoroughly with his attorney, and his attorney agreed. Kriz also testified that he had lengthy discussions with his attorney concerning the plea. These statements made during the Rule 11 proceeding, although subject to contradiction in a section 2255 proceeding, cannot be overcome by "[t]he subsequent presentation of conclusory allegations unsupported by specifics * * *." *Richardson v. United States,* 577 F.2d 447, 450 (8th Cir. 1978), *quoting from Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 736 (1977). Kriz' allegations regarding counsel's failure to discuss the case with him clearly fall within this category. Kriz' allegation that his counsel failed to file any motions on his behalf was false. His counsel filed a motion to dismiss based on denial of a speedy trial. Kriz merely contends that counsel should have filed a motion to disqualify the trial judge, without giving any indication of what basis in fact or law such motion would have had. Finally, his allegation that his counsel was ineffective at the Rule 11 hearing for failing to object to the Assistant United States Attorney's questions is inadequate. In denying this claim, the trial judge said: "[T]he Court finds from its experience at the Rule 11 proceedings and at sentencing and from a review of the transcript that there is no substance to [Kriz'] claim that his counsel was ineffective at those proceedings." *United States v. Kriz,* No. 4–77–Cr. 47(1) (D.Minn., filed March 31, 1978). Where the

---

4. This section of the rule provides:

(f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

5. Kriz testified that he was approached by Michael Kelly, a government informant, and was asked to secure some cocaine for Kelly. He at first put Kelly off, but then told Kelly to check back with him on August 25, the night he was arrested. Kriz made arrangements to acquire cocaine from Richard Gordon Helberg a/k/a "Ricky" (a coconspirator), and told Ricky to meet him at the President Cafe. He told Kelly that he had arranged to purchase up to an ounce of cocaine and that Kelly should come to his house at 9:30 or 9:45 p.m. to make the purchase from him. Kriz then drove to the President Cafe with the intention of meeting Helberg and obtaining an ounce of cocaine. As Kriz approached the President Cafe, he realized he was being followed, and left the area. Kriz testified to all of this.

complaint is merely one that counsel failed to object to the form of questions, it would seem to fall within the small class of claims "that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection." *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962). Accordingly, the district court properly denied Kriz' claim of ineffective assistance of counsel without holding an evidentiary hearing.

We affirm the district court.

Affirmed.