**Chuan-Fa CHEN and Shen-Rong Shieh, a/k/a Kenlyson Shay, Appellants,**

v.

**Jay A. PALMER, District Director, et al., Appellees.**

**No. 78-1388.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1978.

Decided Dec. 20, 1978.

David C. Buxbaum, New York City, on brief, for appellants.

Philip Wilen, Chief, Government Regulations and Labor Section, Crim. Div., James P. Morris and Robert Kendall, Jr., Attys., Dept. of Justice, Washington, D. C., on brief, for appellees.

Before HEANEY, ROSS, and McMILLIAN, Circuit Judges.

PER CURIAM.

Chuan-Fa Chen and Shen-Rong Shieh, citizens of the Republic of China, are in the custody of the Immigration and Naturalization Service (INS) facing deportation. They seek release by writ of habeas corpus, alleging errors in the deportation proceedings.

Chen, a crewman on a Liberian ship, deserted from the ship in New York in February 1974. He was arrested by INS officials in July 1974 and served with an order to show cause why he should not be deported for violation of 8 U.S.C. § 1251(a)(2)[1] having remained in the United States for a longer period than permitted. Shieh, another crewman, was refused a conditional landing permit to enter the United States in December 1973. In January 1974 he jumped ship in Los Angeles, California and remained in the United States until he was arrested by INS officials in June 1975. He was served with an order to show cause why he should not be deported pursuant to 8 U.S.C. § 1251(a)(2) as he had entered the United States after permission to land temporarily as a crewman had been refused under 8 U.S.C. § 1282.

Deportation hearings were held at which petitioners were represented by counsel. They were found to be deportable on the charges contained in the orders to show cause.

The district court[2] held a hearing in January 1978 on the petition for habeas corpus and made the following findings:

*SHEN–RONG SHIEH*

1. A hearing was conducted regarding Shen-Rong Shieh on July 22, 1975. Introduced at the hearing was a copy of the refusal to grant permission to enter the United States of crewman Shen-Rong Shieh. The refusal of permission to land is dated December 21, 1973.

2. After issuance of the refusal of permission to land in 1973 Shieh absconded and was not again located until June 4, 1975. At that time he was served with an order to show cause why he should not be deported listing five allegations as grounds for his deportation. As part of the same document he was served with notice of his rights at the up-coming hearing.

---

1. 8 U.S.C. § 1251(a)(2) states:

   Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who— * * * entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States; * * * .

2. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

3. On July 22, 1975 Shieh appeared at the hearing with his counsel, James S. Formby.

4. At the hearing, with one of the petitioner's friends translating by agreement of the parties, the petitioner, represented by counsel, admitted all of the allegations against him except that he had been refused permission to enter the United States. A hearing took place in which the refusal to grant entry was entered upon the record and the Immigration judge found that the allegations had been proven and that the petitioner was deportable. Notwithstanding the objections of petitioner Shieh in these proceedings, the court is satisfied that the deportation proceedings were conducted appropriately and properly.

5. After hearing evidence concerning voluntary departure, the administrative judge granted voluntary departure. The petitioner waived appeal.

6. Petitioner's departure was extended to February 22, 1976 for voluntary departure. He did not depart and on July 8, 1976 he was ordered deported. The deportation date was set for November 23, 1976 and the defendant was so notified by mail at his last known address. After the letter was returned and the petitioner did not appear for involuntary departure his bond was ordered revoked on December 7, 1976 and he was again notified at his last known address.

7. None of the substantial equities in favor of the petitioner have been presented and finally decided by the Immigration and Naturalization service. In fact these equities have only been presented since his most recent apprehension after failure to appear for deportation. In the court's opinion they are without merit.

CHUAN–FA CHEN

1. On February 16, 1974 this petitioner was reported as a deserting crewman in New York. On July 18, 1974 he was served with an order to show cause and notice of hearing in which the allegations of his deportability were stated and he was notified of his legal rights. The following day the petitioner was released on bond.

2. On August 5, 1974 petitioner appeared with counsel, Norman Glassman, for the scheduled deportation hearing. At that hearing, which was conducted through a Chinese interpreter, the petitioner Chen, represented by counsel, admitted all of the allegations constituting deportability. The court is satisfied that the proceedings were conducted appropriately and afforded the petitioner every opportunity to present his position. Chen's request for voluntary departure, rather than deportation, was granted. The petitioner was served with a copy of the court's order and he waived appeal.

3. When Chen failed to appear for interviews and his counsel informed the Immigration and Naturalization Service that he did not know where the petitioner was, he was ordered to appear for deportation. When he failed to appear for involuntary deportation, an arrest warrant was issued and his bond was revoked.

4. Petitioner did not bring the substantial equities to the attention of the Immigration and Naturalization Service prior to his arrest in Minnesota for deportation. Therefore, the Immigration and Naturalization Service has not ruled upon those claims, and they are not properly before the court. In the court's opinion they are without merit.

We find no error in Judge Alsop's findings. Moreover, the specific allegations in the petition for habeas corpus have not been reasserted on appeal. Instead, petitioners now charge that the following defects in the deportation hearings denied them due process: The interpreters in translating the oath to petitioners failed to refer to a deity. Translations by the interpreters were deficient. Admissions of deportability were obtained from petitioners' counsel and not from petitioners directly. The INS did not prove deportability independently of the admissions procured from petitioners' counsel. The original tape recordings of the deportation hearings have not been produced and the transcripts were not under seal.

In essence, petitioners are attacking the record of their deportation hearings so as to avoid the admissions of deportability made by both petitioners through their attorneys. However, neither petitioner sought direct appeal of the deportation proceedings and neither denies that he is unlawfully in the United States. Moreover, none of the errors alleged on appeal was raised in the habeas corpus proceeding in the district court. It is fundamental that "issues not raised in the trial court cannot be considered by this court as a basis for reversal" in the absence of plain error. *Morrow v. Greyhound Lines, Inc.*, 541 F.2d 713, 724 (8th Cir. 1976). Furthermore, we find the issues presented on appeal to be without merit.

The district court's judgment is affirmed. The mandate shall issue forthwith.