**In re Charles YIELDING, Petitioner.**

**No. 79–1093.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 18, 1979.

Decided May 21, 1979.

---

William R. Wilson, Jr., P. A., Little Rock, Ark., for petitioner.

Ellen B. Brantley, Little Rock, Ark., for respondent.

Before BRIGHT, ROSS, and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

This case raises the question of whether a district judge may refuse to entertain all Rule 11(e)(1)(B) and (C) plea agreements as a policy and practice. The petitioner Charles Yielding seeks a writ of mandamus from this court directing Judge Eisele * to hear the plea agreement which Yielding and the government have negotiated and to exercise his discretion in deciding whether to accept it.

We have carefully considered the arguments petitioner Yielding makes, but have concluded that the writ should be denied.

Petitioner Yielding was indicted in July 1977 for alleged violations of 18 U.S.C. §§ 371 and 1006. Petitioner and the government thereafter negotiated a plea agreement, and on September 15, 1978, petitioner filed a motion asking the court to set a date for presentation of the plea agreement to the court. The government later joined the petitioner in this motion. The court denied the motion, stating that "[i]t is not now, nor has it been, the practice of this Court to consider such agreements,[1] even though the Court is cognizant of the

---

* The Honorable Garnett Thomas Eisele, Chief Judge for the Eastern District of Arkansas.

1. In making this statement the court was referring to Rule 11(e)(1)(B) and (C) plea agreements, but not to "count" bargaining under subsection (A).

provisions of Rule 11(e), Rules of Criminal Procedure, which make such consideration optional."

This question has previously been presented to the Fourth Circuit and was resolved on the basis of the clear legislative history of Rule 11(e). The history reflects Congress' determination that no court should be compelled to permit any plea negotiations at all.

Addressing the issue in *United States v. Jackson*, 563 F.2d 1145 (4th Cir. 1977) the court states:

> Subdivision (e) of Rule 11 spells out the guidelines to be observed by the court and counsel in plea agreement procedures, but the Rule leaves to the court the option of whether it will accept or reject the plea agreement. While the Rule is silent with respect to the authority of the court to decline to countenance any plea bargaining whatever, such a prerogative was recognized by the Congress in its consideration of the Federal Rules of Criminal Procedure Act of 1975, P.L. 94–64, 89 Stat. 370. The proposed subdivision (e) had been criticized by some federal judges who read it to mean that consideration of plea agreements was mandatory. However, in their testimony before the Congressional committee, the members of the Advisory Committee on Criminal Rules stressed that the Rule does not require that a court permit any form of plea agreement to be presented to it. On this point the report of the House Judiciary Committee stated:
>
> > "Rule 11(e) as proposed permits each federal court to decide for itself the extent to which it will permit plea negotiations to be carried on within its own jurisdiction. *No court is compelled to permit any plea negotiations at all.* Proposed Rule 11(e) regulates plea negotiations and agreements if, and to the extent that, the court permits such negotiations and agreements."
>
> (Emphasis Supplied). H.Rep. No. 94–247, 1975 U.S.Code Cong. & Admin. News p. 678.

> In our opinion each individual judge is free to decide whether, and to what degree, he will entertain plea bargains, and his refusal to consider any plea bargaining whatsoever will not vitiate a guilty plea which has otherwise been knowingly and voluntarily entered.

*Id.* at 1147–48 (footnote omitted). We agree with this rationale.

Petitioner Yielding relies chiefly on the "explicit" language of Rule 11(e)(2) that "[i]f a plea agreement has been reached by the parties, the Court *shall*, on the record, require the disclosure of the agreement in open court. * * *" (Emphasis added.) This argument was made to the court in *United States v. Stamey*, 569 F.2d 805, 806 (4th Cir. 1978) and the court acknowledged that "from this it is arguable that the language used means that the trial court must at least consider the agreement in each instance in which a plea bargain has been struck." *Id.* at 806. The argument failed in that case, however, because "[t]he legislative history of current Rule 11 * * * refutes [defendant's] interpretation." *Id.*

In a footnote to House Report No. 94–247 the Judiciary Committee writes:

> Proposed Rule 11(e) has been criticized by some federal judges who read it to mandate the court to permit plea negotiations and the reaching of plea agreements. The Advisory Committee *stressed* during its testimony that the rule does not mandate that a court permit any form of plea agreement to be presented to it. See, *e. g.*, the remarks of United States Circuit Judge William H. Webster in Hearings II, at 196. See also the exchange of correspondence between Judge Webster and United States District Judge Frank A. Kaufman in Hearings II, at 289–90.

H.R.Rep. No. 94–247, 94th Cong., 1st Sess., 6, *reprinted in* [1975] U.S.Code Cong. & Admin.News, pp. 674, 678–79 n.7a (emphasis added).

Petitioner argues that the court should not consult legislative history in deciding this case, points out to the court the salutory goals achieved by plea bargaining, and

concludes "that it is patently unreasonable to totally reject plea agreements." Analysis of the pros and cons of plea bargaining is not, however, the dispositive issue in this case; further, we do not agree that the language of the Rule is clear that the court must listen to the agreement. Since Rule 11(e)(2) gives the court the right to accept or reject the plea bargain, it would be a useless act to require a district judge to listen to the agreement when he has already decided to exercise his right of rejection under Rule 11(e)(2).

We conclude that the district court was under no duty to consider petitioner's negotiated agreement, and accordingly deny the writ.