UNITED STATES of America, Appellee,

v.

James Arthur KRIZ, Appellant.

No. 79–1917.

United States Court of Appeals, Eighth Circuit.

Submitted May 2, 1980.

Decided May 9, 1980.

Rehearing and Rehearing En Banc Denied June 4, 1980.

---

James Arthur Kriz, pro se.

Thorwald H. Anderson, Jr., U.S. Atty., and Joseph T. Walbran, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before ROSS, STEPHENSON and AR-NOLD, Circuit Judges.

PER CURIAM.

James Arthur Kriz, proceeding pro se, timely appeals from an order of the district

court[1] denying his motion for post-conviction relief filed pursuant to 28 U.S.C. § 2255.

■ On April 18, 1977, Kriz pleaded guilty to a single count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to a term of six years imprisonment, to be followed by a special parole term of three years, the six-year sentence to run concurrently with a four-year sentence previously imposed for a separate offense.[2] Kriz now seeks to vacate his guilty plea on three grounds: (1) his plea was involuntary because induced by an unfulfilled and undisclosed plea bargain agreement that his sentence would not exceed four years, (2) the court failed to inquire of petitioner whether any plea bargain had been negotiated, as required by Rule 11(d) of the Federal Rules of Criminal Procedure, and (3) the court

failed to inform him, as required by Rule 11(c)(5), that any answers he made under oath, on the record, and in the presence of counsel might later be used against him in a prosecution for perjury or false statement.[3] Without holding an evidentiary hearing, the district court denied relief on all grounds. We affirm.

## The Unfulfilled and Undisclosed Plea Bargain Agreement

■ At the plea hearing Kriz confirmed that he understood that (1) the potential maximum prison term was fifteen years plus a three-year special parole term, (2) the determination of the penalty was the sole responsibility of the court, (3) there was no agreement that the sentence would run concurrently to one he was already serving, and (4) his attorney had not promised him what term of years he would receive.[4] Not-

---

1. The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota.

2. The government advises that Kriz was to have been paroled in February 1980. This does not defeat the in custody requirement for purposes of section 2255 jurisdiction. *See Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

3. The present section 2255 motion is Kriz's third attack on his conviction and sentence. A Rule 35 motion for reduction of sentence was denied October 25, 1977. In a previous section 2255 motion Kriz challenged his guilty plea on three grounds, including two other alleged violations of Rule 11:

   (1) the court failed to inform him of the nature of the charge to which he was pleading guilty * * *; (2) the court failed to develop an adequate factual basis for the plea * * *; and (3) his counsel rendered ineffective assistance.

   *United States v. Kriz*, 586 F.2d 1178, 1179 (8th Cir. 1978), *cert. denied*, 442 U.S. 945, 100 S.Ct. 193, 62 L.Ed.2d 125 (1979). Relief was denied on all three grounds. *Id.*

4. The relevant portions of the transcript of the plea hearing are as follows:

   THE COURT: Do you understand the possible maximum penalty is a fine of $25,000 or 15 years imprisonment and a special three year parole term?
   DEFENDANT KRIZ: Yes, I do.
   THE COURT: Do you understand that to be the possible maximum penalty?
   DEFENDANT KRIZ: Yes, Your Honor.
       *    *    *    *    *    *
   THE COURT: Do you understand that the determination of the penalty, if any, to be imposed is my responsibility?
   DEFENDANT KRIZ: Yes.
       *    *    *    *    *    *
   MR. WALBRAN: [Asst. U.S. Atty.] Now you understand that there is no negotiation as to the consecutive nature of this sentence. You are presently serving a four-year sentence imposed by this Court in connection with a firearm which you possessed. The Court has it in its discretion to impose the sentence on this cocaine charge consecutively. Do you understand that?
   DEFENDANT KRIZ: Yes.
   MR. WALBRAN: Do you know that that means theoretically you could run your four years first and then serve the sentence on this charge. Do you understand that?
   DEFENDANT KRIZ: Yes.
       *    *    *    *    *    *
   MR. WALBRAN: You understand that the sentence to be imposed is up to the Judge?
   DEFENDANT KRIZ: Yes.
   MR. WALBRAN: Your attorney has not promised you just what term of years you will receive, is that correct?
   DEFENDANT KRIZ: That's correct.
   MR. WALBRAN: You know and he knows that only the Judge will decide that?
   DEFENDANT KRIZ: Yes.
   (Tr. 2, 4, 15, 16).

withstanding these representations at the plea hearing, Kriz claims in his present motion that his counsel represented to him that the prosecutor had agreed he would receive no more than a four-year sentence in return for a guilty plea.[5] Kriz further claims that his counsel told him "not to argue or disagree with the prosecutor or to mention the agreement otherwise the prosecutor would not go along with it."[6]

The district court determined that these allegations were bare contradictions of Kriz's statements at the plea hearing, and that Kriz failed to produce any credible evidence to support his claims. Moreover, the court found the claims were rebutted by affidavits of the prosecuting Assistant United States Attorney and Kriz's defense counsel. Finally, the court found persuasive the fact that Kriz failed to raise the claim in either his Rule 35 motion or his prior section 2255 motion. Accordingly, the court concluded the claim of an unfulfilled plea agreement was without merit.

> The representations of a defendant at a guilty plea hearing constitute a formidable, although not insurmountable, barrier in any subsequent collateral proceeding. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.E.2d 136 (1977). This Court has stated:
>
> > [T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are "conclusively" established by that proceeding unless and until he makes some reasonable allegation why this should not be so. Stated otherwise, we hold that a defendant should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from

the apparent truth of his earlier statement.

*Richardson v. United States*, 577 F.2d 447, 450 (8th Cir. 1978), *cert. denied*, [442 U.S. 910], 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979), *quoting United States v. Williams*, 536 F.2d 247, 249–250 (8th Cir. 1976). *Accord, United States v. Beck*, 606 F.2d 814, 816 (8th Cir. 1979).

*United States v. Lambros*, 614 F.2d 179, 181 (8th Cir. 1980).

■ We agree with the district court that Kriz's belated and conclusory assertions that his guilty plea was induced by an unkept plea agreement are simply insufficient to controvert his representations at the plea hearing that he had received no promises with respect to sentence and that he understood that determination of the sentence was wholly within the court's discretion. *See United States v. Lambros, supra; United States v. Williams, supra.* Moreover, the court had before it affidavits from both the prosecutor and defense counsel which are in substantial agreement as to what transpired during plea negotiations. Both attorneys related that the government was unwilling to negotiate a plea agreement unless Kriz agreed to cooperate in the prosecution of a co-defendant, and that, since he refused to cooperate, no agreement was reached and petitioner entered a "straight plea" with no assurances whatsoever with respect to sentence. Under these circumstances the district court properly rejected Kriz's claim of an unfulfilled plea agreement.

*Compliance with Rule 11(d)*

■ Kriz's second claim of violation of Rule 11 is related to the first in that he contends the district court failed to inquire as to the existence of any plea negotiations,

---

5. Kriz also alleges that the bargain included an agreement that he would not be called to testify at a co-defendant's trial. There is, however, no claim that this part of the alleged agreement was not honored.

6. In support of his claims Kriz offers on appeal his own affidavit, an affidavit signed by his

parents and sister, and a letter from his defense counsel, Mr. Taber. These were apparently not submitted to the district court and will not be considered for the first time on appeal in the absence of plain error. *See Chen v. Palmer*, 589 F.2d 355, 358 (8th Cir. 1978); *Morrow v. Greyhound Lines, Inc.*, 541 F.2d 713, 724 (8th Cir. 1976).

as required by Rule 11(d).[7] *See United States v. Scharf*, 551 F.2d 1124 (8th Cir. 1977). He claims that had the court so inquired, the facts regarding the alleged plea agreement would have been disclosed to the court. At the hearing the district court carefully inquired whether the plea was voluntary and not the product of threats or coercion.[8] Although the court did not specifically inquire whether any promises had been made or whether any plea agreement had been negotiated, it was clearly brought out at the hearing that no promises or agreements had been made that Kriz would receive any particular sentence, or that the sentence would run concurrently with a prior sentence.[9] The district court concluded that Rule 11(d) had been substantially complied with and that the fact the question was not uttered personally by the judge was not error. We agree. *See United States v. Kriz*, 586 F.2d 1178, 1181 (8th Cir. 1978), *cert. denied*, 442 U.S. 945, 100 S.Ct. 193, 62 L.Ed.2d 125 (1979); *United States v. Lambros*, 544 F.2d 962 (8th Cir. 1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).

*Compliance with Rule 11(c)(5)*

█ Rule 11(c)(5) of the Federal Rules of Criminal Procedure provides that before accepting a guilty plea the court must inform the defendant and determine that he understands

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

There is no dispute that this warning was not given at Kriz's plea hearing. The district court ruled that since Kriz was not under oath at the guilty plea hearing,[10] the court had no reason to advise him in accordance with subdivision (5). We agree that this technical violation of Rule 11 affords Kriz no basis for collateral relief from his conviction. *See United States v. Fels*, 599 F.2d 142, 146–47 (7th Cir. 1979); *United States v. Saft*, 558 F.2d 1073, 1079 (2d Cir. 1977); and *United States v. Michaelson*, 552 F.2d 472 (2d Cir. 1977) (failure to give the Rule 11(c)(5) warning is "inconsequential" when the defendant was not under oath at the hearing). *Compare United States v. Conrad*, 598 F.2d 506, 508–09 (9th Cir. 1979); *United States v. White*, 572 F.2d 1007, 1008–09 (4th Cir. 1978) (failure to give the Rule 11(c)(5) admonition is not a basis for collateral attack on a conviction absent a showing of prejudice from the technical error). *Cf. United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (conviction based on guilty plea is not subject to collateral attack when all that can be shown is formal violation of Rule 11); *Richardson v. United States, supra; McRae v. United States*, 540 F.2d 943, 947 (8th Cir. 1976), *cert. denied*, 429 U.S. 1045,

---

7. (d) *Insuring That the Plea is Voluntary.* The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.
Federal Rules of Criminal Procedure 11(d).

8. THE COURT: Is your plea of guilty to Count II made voluntarily?
DEFENDANT KRIZ: Yes.
THE COURT: Is it made willingly?
DEFENDANT KRIZ: Yes.

THE COURT: Have any kind of threats or coercion been directed to you by the office of the United States Attorney to induce your plea of guilty?
DEFENDANT KRIZ: No, Your Honor.
(Tr. 4).

9. *See* note 4 *supra.*

10. Kriz concedes he was not under oath at the hearing. Rule 11 does not require that the defendant be placed under oath at the plea hearing, although at least the Fifth Circuit has imposed such a requirement judicially. *See United States v. Coronado*, 554 F.2d 166, 174 (5th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977); *Bryan v. United States*, 492 F.2d 775 (5th Cir.), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974).

97 S.Ct. 750, 50 L.Ed.2d 759 (1977) (mere technical violations of Rule 11 do not require setting aside a conviction absent a showing of prejudice).

Kriz argues that he was prejudiced by the court's failure to give the warning because, had he been so advised, he would have answered truthfully the questions concerning any promises made with respect to sentence. The legislative history indicates that the 11(c)(5) admonition was intended to ensure that the defendant has fair notice of potential perjury prosecution, and not to ensure the voluntariness of the plea. *United States v. Conrad, supra; United States v. White, supra.* Clearly, when the defendant was not even placed under oath, he can show no prejudice from his failure to receive the warning, since he did not bear the risk the provision was intended to protect against. *See United States v. White, supra.*

Judgment affirmed.