Melvin McKENZIE, Petitioner–Appellant,

v.

Louie L. WAINWRIGHT, Secretary of the Department of Corrections, Respondent–Appellee.

No. 80–5022.

United States Court of Appeals, Fifth Circuit. Unit B

Dec. 11, 1980.

Mark C. Menser, Fort Lauderdale, Fla. (Court–appointed), for petitioner–appellant.

Jim Smith, Atty. Gen., Tallahassee, Fla., Steven R. Jacob, Asst. Atty. Gen., Miami, Fla., for respondent–appellee.

Before HILL, KRAVITCH and HATCHETT, Circuit Judges.

KRAVITCH, Circuit Judge.

Appellant Melvin McKenzie appeals from the district court's denial of his petition for habeas corpus without affording him an evidentiary hearing. The issue before us is whether appellant, who alleges in his habeas petition that his plea bargain was dishonored, is entitled to such a hearing under *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). We decide that under the circumstances of this case he is not.

McKenzie was indicted for first–degree murder in the Eleventh Judicial Circuit of Dade County, Florida. Defense counsel informed him, McKenzie alleges, that the prosecutor would reduce the charge to second–degree murder and insure a ten–year sentence in exchange for his guilty plea. McKenzie claims that he was specifically told that, if he accepted the plea bargain, a ten–year term was the maximum sentence he risked. He also claims that defense counsel advised him to deny any such promise or bargain when queried by the sentencing court. At his hearing on February 5, 1976 McKenzie pled guilty to second–degree murder, the prosecutor recommended a sentence "in the area of ten years," and the court entered into a lengthy colloquy with McKenzie concerning the voluntariness of his plea.[1] During that ex-

---

1. F.R.Crim.P. 11(c) mandates that the court examine the accused rendering a guilty plea and determine that he understands, *inter alia*, the nature of the charge, the maximum statutory

change, the judge informed McKenzie that the maximum penalty was fifteen years and asked him whether, in exchange for his plea, he had been promised that the court would do anything other than "order a P.S.I. and base my judging on that and my own judgment?" McKenzie replied "No." The court then sentenced him to fifteen years at hard labor, the last three to be served on probation.

McKenzie now argues that this sentence breached his plea bargain, tainting the voluntariness of his plea. McKenzie, however, previously contested his conviction on other grounds without raising this argument. In June, 1977, he filed a *pro se* motion in state court to vacate his sentence, arguing denial of a speedy trial. That motion was denied. Thus, although his conviction occurred in 1976, not until 1979 did McKenzie raise the breached plea bargain contention.[2]

■ The importance of insuring the voluntariness of every guilty plea cannot be overstated. Particularly is this so where such plea is the result of a plea bargaining agreement between the accused or his attorney and the prosecutor, and the possibilities of a guilty plea induced by threats, misunderstanding, coercion and promises loom greater. Recognizing the benefits of efficiency and speedy dispositions that plea bargaining offers, however, the Supreme Court has approved its use, as long as it is accompanied by safeguards that insure full knowledge on the part of the defendant offering a guilty plea as to his rights, his consequent waiver of those rights, the

crime to which he is pleading guilty and the maximum penalty–the extent to which he places himself at risk. *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Furthermore, the trial court must assure itself that the defendant's guilty plea has not been coerced. When a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of his plea. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1969). Hence, *Blackledge v. Allison, supra*, entitles a defendant alleging breach of his plea bargain to discovery or an evidentiary hearing as to the veracity of his allegations. *Blackledge* provides an exception, however, where such allegations are "so 'palpably incredible,'" 431 U.S. at 76, 97 S.Ct. at 1630, as to justify summary dismissal.

In *Blackledge*, Allison had alleged that, during the plea bargaining, the prosecutor had promised him a maximum sentence of ten years, that his attorney had cautioned him to remain silent as to the agreement upon questioning by the court, and that the court had subsequently sentenced him to 17 to 21 years. Given the "atmosphere of secrecy which then characterized plea bargaining generally," 431 U.S. at 77, 97 S.Ct. at 1631, the Court held that Allison's allegations were not "'patently false or frivolous,'" 431 U.S. at 78, 97 S.Ct. at 1631, and that he was therefore entitled to an evidentiary hearing, or at least discovery.[3] Our

---

penalty, and that by pleading guilty he waives his right to a jury trial. Rule 11(d) requires that the court similarly determine that the defendant's plea is voluntary, and not the result of force, threats, or promises. The record here discloses that the court complied fully with these requirements. Although Rule 11 applies to federal courts, and McKenzie appeared in state court, compliance lessens the possibility that the plea was not voluntarily and intelligently given.

2. At that time McKenzie filed a Motion to Vacate the Sentence pursuant to Florida Rules of Criminal Procedure § 3.850, on the ground that the plea agreement was dishonored. The trial court denied the motion on March 20, 1979; the Third District Court of Appeals of Florida

affirmed that decision on June 5, 1979. Hence, McKenzie appears before us having exhausted state remedies.

3. *Blackledge* thus acknowledged that the prevalence of, and necessity for, plea bargaining within our judicial structure does not permit the relitigation of every conviction following a bargained guilty plea. This would be the result were we to allow every habeas petitioner to assert that, though he professed voluntariness and the absence of threat, coercion, or promises to the trial court, his guilty plea, nonetheless, was involuntary. Where no evidence supports that contention, and appellant, by his own actions has cast it in doubt, this forum must be denied.

cases following this rule thus far have had similar results. In *United States v. Nuckols*, 606 F.2d 566, 569 (5th Cir. 1979), appellant alleged that his plea was coerced by the prosecutor's threats that he would indict appellant's wife. Because "guilty pleas made in consideration of lenient treatment as against third persons pose a greater danger of coercion than purely bilateral plea bargaining, and that, accordingly, 'special care must be taken to ascertain the voluntariness of' guilty pleas entered in such circumstances" (quoting *United States v. Tursi*, 576 F.2d 396, 398 (1st Cir. 1978)), we held that Nuckols was entitled to an evidentiary hearing as to whether such alleged threats were founded in good faith upon probable cause. Similarly, in *United States v. McCord*, 618 F.2d 389, 393 (5th Cir. 1980), we held that a habeas petitioner presenting "more then uncorroborated assertions of a broken plea agreement" is entitled to an evidentiary hearing.

■ McKenzie's case, however, presents a substantially different mien. We deem it sufficiently dissimilar as to fall within the *Blackledge* exception. Unlike Allison, McKenzie did not immediately press his claim that his plea bargain was breached. Instead, he waited three years, and during that time, pressed an intervening appeal on other grounds. Unlike the situation presented by *McCord, supra*, McKenzie's assertions are entirely uncorroborated. Nor do they, as in *Nuckols, supra*, allege coercion by threats against third persons. Moreover, the plea hearing record shows that the trial judge questioned McKenzie extensively as to the voluntariness of his plea, that the prosecutor recommended a sentence "in the area of ten years" and that when probation is calculated, his ultimate sentence is twelve. Thus, the disparity between his alleged "promised" sentence and the actual sentence is small. We conclude, therefore, that where other factors–here, the span of years before McKenzie asserted

this claim while pressing an alternative appeal–strongly negate appellant's contentions, his allegations are so frivolous as to warrant, under *Blackledge*, summary dismissal.[4] Accordingly, we AFFIRM.

---

4. *See also Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) (en banc), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (allegations that judge, prosecutor and defendant had agreed upon plea bargain and sentence; carried out a charade at hearing as to voluntariness of plea; and that judge had then dishonored bargain; were so "incredible" that no evidentiary hearing was necessary).