UNITED STATES of America, Appellee,

v.

Ralph RIEGELSPERGER, Appellant.

No. 79–1934.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1980.

Decided April 13, 1981.

Rehearing Denied June 18, 1981.

Edward A. Mallett, Nelson & Mallett, Houston, Tex., James P. Massie, John W. Walker, P. A., Little Rock, Ark., for appellant Ralph Riegelsperger.

George W. Proctor, U. S. Atty., Robert J. Govar, Don N. Curdie, Asst. U. S. Attys., Little Rock, Ark., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HUNGATE, District Judge.*

HEANEY, Circuit Judge.

Ralph Riegelsperger appeals from the denial of his motion to withdraw a plea of guilty. We reverse.

On August 26, 1977, Riegelsperger was charged in a two-count indictment with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). At arraignment, Riegelsperger pled not guilty. After discussions between his counsel and the Assistant United States Attorney, Riegelsperger agreed to plead guilty to a newly filed information charging him with using a communication facility to further a conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 843(b). In exchange, the government agreed to dismiss the original indictment and recommend to the district court that Riegelsperger be given a sentence of eight months imprisonment plus three years probation.

On October 19, 1979, Riegelsperger appeared before the district court [1] to change his plea. He waived the indictment and pled guilty to the newly filed information. The court accepted the plea and sentenced him to three years imprisonment. Two months later, Riegelsperger moved to withdraw his guilty plea. Without holding an evidentiary hearing, the district court denied the motion. Riegelsperger appeals that decision, claiming that the district court failed to comply with Rules 11(c)(5) and 11(d) of the Federal Rules of Criminal Procedure and that misunderstandings remain concerning the plea bargaining agreement.[2]

Rule 11(d) provides:

(d) *Insuring that the plea is voluntary.* The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

Although ritualistic compliance with the dictates of Rule 11(d) is not required, the district court must use procedures sufficient to determine that the plea is voluntary and not the product of force, threats or promises apart from a plea agreement. *See United States v. Cammisano,* 599 F.2d 851, 855 (8th Cir. 1979). Moreover, the Rule places on the district court the specific duty to inquire whether the defendant's decision to plead guilty resulted from prior discussions between the attorney for the government and the defendant or his attorney.

In this case, it is conceded that Judge Eisele's general practice is to not accept plea agreements under Fed.R.Crim.P. 11(e). This Court has previously held that that is his prerogative. *See In re Yielding,* 599 F.2d 251 (8th Cir. 1979). Unfortunately, we cannot tell from the record of the plea hearing whether the defendant knew that the judge had the right to ignore the agreement and that it was, in fact, his practice to do so. Although the district court did ask Riegelsperger whether any threats or promises had induced him to plead guilty, the court did not ask any questions about plea negotiations or their effect on the decision to plead. Nor did the court tell the defendant that it was not obligated to follow a negotiated agreement.

concurring specially), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980).

* The Honorable WILLIAM L. HUNGATE, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Garnett Thomas Eisele, Chief Judge for the Eastern District of Arkansas.

2. Because of our disposition of this appeal on the Rule 11(d) ground, we need not consider the other issues raised by the appellant.

In light of the requirements of Rule 11(d), we are convinced that the district court erred in failing to make specific inquiry, on the record, whether Riegelsperger's plea was the result of discussions between him or his counsel and the government attorney. The district court's general questioning about whether threats or promises had been made do not suffice. *See United States v. Scharf*, 551 F.2d 1124, 1129 (8th Cir. 1977). Furthermore, if the district court's examination had revealed that plea negotiations had occurred, the district court had the duty to inform the defendant, on the record, that the court was not bound to follow the terms of the agreement. Only in this way can the district court and the reviewing court properly determine whether the plea was made voluntarily and whether the defendant truly understood the nature and consequences of his plea. *See United States v. Dayton*, 604 F.2d 931, 938 (5th Cir. 1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980); *United States v. Cody*, 438 F.2d 287 (8th Cir. 1971).

In our view, the district court's failure to follow these procedures denied the defendant his right to have the court determine whether he voluntarily pled guilty to the charged offense. To avoid manifest injustice, he must be permitted to withdraw his plea. Accordingly, the decision of the district court is reversed and the cause remanded with directions to give the defendant an opportunity to plead anew.

HUNGATE, District Judge, dissenting.

I respectfully dissent.

On August 26, 1979, a two-count indictment was filed charging appellant, Ralph Riegelsperger, with (1) conspiracy to manufacture methamphetamine, a violation of 21 U.S.C. § 846; and (2) possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a). At the time of arraignment, appellant pled not guilty. After discussions between the government's counsel and appellant's attorney, the government agreed to move to dismiss the indictment and appellant agreed to plead guilty to a newly filed information charging him with using a communication facility to further a conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 843(b).

On October 19, 1979, appellant appeared before the district court to change his plea. He waived the indictment and pled guilty to the newly filed information. The court accepted appellant's plea and sentenced him to three years imprisonment.

On December 18, 1979, appellant moved the district court to withdraw his guilty plea. The court directed the defendant to submit a statement of evidence upon which he relied. Without holding an evidentiary hearing, the district court denied appellant's motion. Appellant appeals, alleging that he is entitled to withdraw his plea because the district court failed to comply with Rules 11(c)(5) and 11(d) of the Federal Rules of Criminal Procedure and that misunderstandings remain concerning the plea bargaining agreement.

*Compliance with Rule 11(c)(5)*

Rule 11(c)(5) provides that before accepting a guilty plea, the court must inform the defendant and determine that he understands

that if he pleads guilty or nolo contendere, the Court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

The parties do not dispute that this warning was not given at appellant's plea hearing. Appellant urges that this omission nullifies his guilty plea. *United States v. Boatright*, 588 F.2d 471, 475 (5th Cir. 1979), requiring strict compliance with Rule 11(c)(5) to facilitate an accurate determination of the voluntariness of a plea. *But see United States v. Caston*, 615 F.2d 1111, 1116 (5th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980), holding that the automatic reversal requirement in *Boatright* is no longer viable.

The legislative history of Rule 11(c)(5) reveals that its admonition is intended to ensure that the defendant has fair notice of potential perjury prosecution rather than to ensure that a plea is voluntary. *United States v. Kriz,* 621 F.2d 306, 311 (8th Cir. 1980).

Absent an alleged threat of perjury prosecution, appellant does not bear the risk against which Rule 11(c)(5) was enacted to protect. Therefore, appellant has not been prejudiced at this time by the district court's technical omission. *See United States v. Conrad,* 598 F.2d 506, 508–09 (9th Cir. 1979).

*Compliance with Rule 11(d)*

Prior to 1975, Rule 11 consisted of only four sentences. Mandating strict compliance with the pre-1975 version of the rule, the Supreme Court concluded that

> prejudice inheres in a failure to comply with Rule 11, for non-compliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea. Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking.

*McCarthy v. United States,* 394 U.S. 459, 471–72, 89 S.Ct. 1166, 1173, 22 L.Ed.2d 418 (1969). *See also United States v. Cody,* 438 F.2d 287, 289 (8th Cir. 1971).

The 1975 amendments significantly increased the procedures to be undertaken before a district court can accept a plea of guilty, including the following provisions of Rule 11(d):

> (d) *Insuring That the Plea is Voluntary.* The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

The uniform jurisprudence both in this and other circuits is that compliance with amended Rule 11 is mandatory. *See United States v. Cammisano,* 599 F.2d 851 (8th Cir. 1979); *United States v. Gray,* 584 F.2d 96, 97 (5th Cir. 1978).

While a guilty plea taken without full compliance with Rule 11 must be set aside, ritualistic compliance with its dictates is not required. *See, e. g., United States v. Lambros,* 544 F.2d 962, 965–66 (8th Cir. 1976), *cert. denied,* 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977), finding substantial compliance with Rule 11 where the judge adopted the extensive record made by the prosecutor informing defendant of possible penalties and rights waived and ensuring the voluntariness of the plea.

District courts are cautioned not to give Rule 11 such a cramped interpretation that ceremony is exalted over substance. *See United States v. Saft,* 558 F.2d 1073, 1079 (2d Cir. 1977), pointing out that

> the Rule does not say that compliance can be achieved only by reading the specified items *in haec verba.* Congress meant to strip district judges of freedom to decide *what* they must explain to a defendant who wishes to plead guilty, not to tell them precisely *how* to perform this important task in the great variety of cases that would come before them.

The purpose of Rule 11 is to ensure that a plea was voluntary and to provide a complete record of the factors that support the

voluntariness determination. *United States v. Rawlins,* 440 F.2d 1043, 1046 n.4 (8th Cir. 1971), observing that "[t]here is no adequate substitute for demonstrating in the record at the time the plea is entered the defendant's understanding of the nature of the charges against him," *quoting McCarthy v. United States, supra* at 470, 89 S.Ct. at 1172.

The importance of insuring that every guilty plea is voluntary cannot be overstated. *United States v. Journet,* 544 F.2d 633, 636 (2d Cir. 1976), emphasizing, in light of the fundamental constitutional rights at stake, that acceptance of a guilty plea cannot be dealt with in a hasty or cavalier fashion.

Particularly where such a guilty plea results from a plea bargaining agreement between the accused or his attorney and the prosecutor, possibilities loom that the plea has been induced by threats, misunderstanding, coercion, or promises. *McKenzie v. Wainwright,* 632 F.2d 649, 651 (5th Cir. 1980).

Before accepting defendant Riegelsperger's plea, the district court made no specific inquiry concerning prior plea discussions. The court, however, initiated the following colloquy to determine whether defendant's willingness to plea was voluntary and not the product of force, threats, or promises:

THE COURT: Have any threats or promises been made to induce you to waive that right (to have the matter presented to a grand jury)?

MR. RIEGELSPERGER: No, sir. No, sir.

THE COURT: You're hesitating. Were there any threats or promises made—

MR. RIEGELSPERGER: No, sir, there were not.

THE COURT: I'll ask your counsel. Mr. Massie, do you agree with his decision to waive the indictment in this case?

MR. MASSIE: I do, your Honor.

The district court not only repeatedly questioned the defendant about the voluntariness of his plea but also provided defense counsel ample opportunity to disagree with the defendant's decision to plead guilty. *See Eagle Thunder v. United States,* 477 F.2d 1326, 1328 (8th Cir.), *cert. denied,* 414 U.S. 873, 94 S.Ct. 142, 38 L.Ed.2d 92 (1973), permitting the presence of counsel to be taken into account when determining the nature and extent of inquiry to be made by the trial court before accepting a guilty plea.

The record reveals that the court assiduously ascertained that defendant Riegelsperger understood the proceedings, the possible consequences thereof, and, in fact, was guilty of the crime to which he pled. The court specifically inquired:

THE COURT: Now, have any threats or promises been made to induce you to plead guilty to this information?

MR. RIEGELSPERGER: No, sir.

THE COURT: Has anyone told you that it'll go easier with you if you plead guilty than if you pled [sic] not guilty and were later convicted?

MR. RIEGELSPERGER: No, sir.

THE COURT: Upon the plea of guilty to the charge contained in this information, you could be sentenced to not more than four years, fined not more than $30,000, or both. Do you understand the maximum sentence that the Court can impose upon a plea of guilty?

MR. RIEGELSPERGER: Yes, sir.

*See United States v. Dayton,* 604 F.2d 931, 943 (5th Cir. 1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980), declining to require ritualistic adherence to Rule 11 and directing trial courts to consider the nature of a charge and the character and capacities of a defendant to ensure that the defendant understands what he is admitting and the consequences of his admission and that his admission is voluntarily made.

While the district court did not expressly state that only the court could determine the sentence to be given, it is clear that the appellant knew the court was not bound to follow any government recommendation. *See In Re Yielding,* 599 F.2d 251 (8th Cir. 1979).

In denying appellant's motion to withdraw his guilty plea, the district court found no claim that appellant had been misled by either the government or the court that an enforceable plea bargain had been entered. *See Evers v. United States*, 579 F.2d 71, 73 (10th Cir. 1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1253, 59 L.Ed.2d 478 (1979), indicating that a guilty plea should be set aside "only where to not do so would result in a miscarriage of justice, or where there exists [sic] exceptional circumstances justifying such relief."

A guilty plea should not be set aside merely because of a formal violation of Rule 11. *United States v. Scharf*, 551 F.2d 1124, 1130 (8th Cir. 1977). *See also Timmreck v. United States*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Emphasizing judicial concern with finality has a special force with respect to convictions based on guilty pleas, the Supreme Court ruled

> Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.

*Id.* at 784, 99 S.Ct. at 2087, *quoting United States v. Smith*, 440 F.2d 521, 528–29 (7th Cir. 1971) (Stevens, J., dissenting) and adopting the reasoning of *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

The plea of guilty is a solemn act not to be disregarded merely because of belated misgivings. *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir. 1971). *See also United States v. Kriz, supra* at 309, finding defendant's belated and conclusory assertions that his guilty plea was induced by an unkept plea agreement to be simply insufficient to controvert his representations at the plea hearing that he had received no promises with respect to sentence.

The record reveals no manifest injustice in the district court's order denying appellant's motion to withdraw his guilty plea. *See United States v. Becklean*, 598 F.2d 1122, 1126 (8th Cir.), *cert. denied*, 444 U.S. 864, 100 S.Ct. 135, 62 L.Ed.2d 87 (1979).

Therefore, the district court's failure to adhere word-by-word to Rule 11 of the Federal Rules of Criminal Procedure does not require appellant's guilty plea to be set aside, and I must respectfully dissent.